IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL L. SPUCK,<br>    Plaintiff, | )<br>)<br>)   C.A. No. 07-310 Erie |
| vs. | )   District Judge McLaughlin<br>)   Magistrate Judge Baxter |
| FORMER GOVERNOR THOMAS RIDGE,<br>et al.<br>    Defendants. | )<br>)<br>) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that:

1. The motion to dismiss filed by Defendants Commonwealth of Pennsylvania, the Department of Corrections, the PA Attorney General [Document # 18] be granted;

2. The motion to dismiss filed by Defendant Robert V. Barth [Document # 21] be granted; and

3. The motion to dismiss filed by Defendant Paul Stowitsky [Document # 33] be granted.

It is further recommended that, pursuant to the authority granted to courts in the Prison Litigation Reform Act, Plaintiff's claims against Defendant Thomas Ridge be dismissed in their entirety, as frivolous.

### II. REPORT

#### A. Relevant Procedural History

On November 6, 2007, Plaintiff Daniel L. Spuck, an inmate incarcerated at the State Regional Correctional Facility at Mercer, Pennsylvania ("SRCF-Mercer"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and/or <u>Bivens v. Six Unnamed Agents of the Federal</u>

1

Bureau of Narcotics, 403 U.S. 388 (1971).[1] Named as Defendants are: Thomas Ridge, former Governor of the Commonwealth of Pennsylvania ("Ridge"); Commonwealth of Pennsylvania ("Commonwealth"); Paul Stowitsky, Superintendent at SRCF-Mercer ("Stowitsky"); PA Attorney General ("AG"); Pennsylvania Department of Corrections ("DOC"); and Robert V. Barth, Jr., Clerk of Courts for the United States District Court for the Western District of Pennsylvania ("Barth").[2]

The crux of Plaintiff's Complaint is against Defendants Ridge, Commonwealth, AG, and DOC, for implementing a change in the DOC's policy regarding furloughs that Plaintiff claims to have been applied to him retroactively in violation of the Ex Post Facto Clause of the United States Constitution. In addition, Plaintiff claims that Defendant Stowitsky denied him pre-release and/or placement in a Community Corrections Center due to his failure to complete prescriptive programming, and reduced his custody level, apparently in violation of his Fourteenth Amendment due process rights. Plaintiff also claims that Defendant Barth "failed to file or return [his] Writ of Habeas Corpus Petition appealing the November 1, 2005, Order from Pennsylvania Supreme Court challenging Ex Post Facto Clause violations involving furloughs from prisons in Pennsylvania." (Complaint at Section IV.C). As relief for his claims, Plaintiff seeks monetary damages and injunctive relief.

On March 31, 2008, and April 7, 2008, respectively, Defendants Commonwealth, AG, and DOC, and Defendant Barth filed motions to dismiss, arguing, *inter alia*, that Plaintiff has failed to state a claim upon which relief my be granted. [Document ## 18, 21]. Defendant Stowitsky subsequently filed a motion to dismiss, incorporating by reference the motion and brief filed on behalf of Defendants Commonwealth, AG, and DOC. [Document # 33]. Plaintiff has filed two essentially identical responses to Defendants' motions, each entitled "Plaintiff's

---

[1] Because Defendant Robert V. Barth is a federal employee, Plaintiff's claims against him must be construed as Bivens claims.

[2] According to the docket entries in this case, Defendant Ridge has not yet been served with the Complaint.

2

Amendment of Complaint & Objections to [Defendants] Motion and Brief to Dismiss the Complaint" [Document ## 24, 25].  Although each response is partially entitled an "amendment of complaint," the responses merely read as briefs in opposition to the arguments raised by Defendants, and do not seek to add additional allegations to the Complaint.[3]  This matter is now ripe for consideration.

### B. Relevant Factual History

According to Plaintiff, he was incarcerated at SRCF-Mercer on February 23, 1995, to begin serving a sentence of 11½ - 22 years imprisonment. (Complaint at Sections I and IV.C). Plaintiff alleges that in 1996 Defendants Ridge and AG permitted Defendant DOC to change its policy regarding furloughs, such that prisons were no longer allowed to give inmates furloughs.[4] (Complaint at Section IV.C).  Instead, Plaintiff alleges that the new policy changes permitted inmates to be furloughed only from a Community Corrections Center ("CCC"), which is a pre-release facility. (Id.).  As a result, Defendant Stowitsky has not made furloughs available to inmates at SRCF-Mercer. (Id.).

### C. Standards of Review
#### 1. Motion to Dismiss

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure

---

[3] The Court recognizes that the response to Defendant Barth's motion [Document # 25] seeks to amend the Complaint to add approximately 63 Jane/John Does, purporting to represent employees of the Clerk of Courts office responsible for filing legal documents; however, this request is futile for the reasons cited in the body of this Report and Recommendation.  In addition, the Court notes that each response objects to Defendants' motions based on their failure to attach signed and dated verifications; however, the Federal Rules of Civil Procedure do not require motions to be verified.  See Fed.R.Civ.P. 11(a).  As a result, these objections are without merit.

[4] The policy at issue is DC-ADM 805.

3

12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, ___ U.S. ___, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552,

4

555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### D.    Discussion
#### 1.    *Ex Post Facto* Claim

The *Ex Post Facto* Clause of the United States Constitution provides that "[n]o state shall . . . pass any . . . *ex post facto* law." U.S. Const. Art. 1, § 10. The Supreme Court has instructed that "[t]o fall within the *ex post facto* prohibition, a law must be retrospective--that is it must apply to events occurring before its enactment--and it must disadvantage the offender affected by it by altering the definition of criminal conduct or increasing the punishment for the crime." Lynce v. Mathis, 117 S. Ct. 891, 896 (1997) (citation and quotation omitted).

In analyzing whether a law violates the *Ex Post Facto* Clause, the courts are required to determine whether the law resulted in "a sufficient risk of increasing the measure of punishment attached to the covered crimes." California Dep't of Corrections v. Morales, 514 U.S. 499, 509 (1995). See also Garner v. Jones, 529 U.S. 244, 255 (2000) (when the rule at issue does not by its own terms show a significant risk, the burden is on the parole applicant to demonstrate "that its retroactive application will result in a longer period of incarceration than under the earlier rule"); Johnson v. United States, 529 U.S. 694 (2000) (to succeed in *ex post facto* claim petitioner must prove that legislation increases the penalty from whatever the law provided when the criminal act was committed.). Cf. Hameen v. State of Delaware, 212 F.3d 226, 240 (3d Cir. 2000) (focus of *ex post facto* inquiry is not on whether legislative change produces some ambiguous sort of disadvantage ... rather, proper focus is whether the law alters the

5

definition of criminal conduct or increases the penalty by which a crime is punishable) (citations omitted).

Plaintiff claims that the 1996 changes in DOC policy have been applied to him retroactively to deny him the ability to obtain a furlough in violation of the *Ex Post Facto* Clause. This identical claim was previously raised by Plaintiff in a *habeas corpus* action he initiated in the United States District Court for the Western District of Pennsylvania, Johnstown Division, on February 22, 2005, at Civil Action No. 05-85J. In that case, District Judge Kim R. Gibson denied Plaintiff's habeas petition based upon the Report and Recommendation of Magistrate Judge Keith A. Pesto, issued on April 24, 2006. (See Spuck v. DeSuta, et al., C.A. No. 05-85J, Document ## 14, 16). In his Report and Recommendation, Magistrate Judge Pesto found that, "[s]ince the denial of a temporary furlough, although it is an action which an inmate would not like, is not 'punishment,' the Ex Post Facto clause cannot be violated by the denial of a furlough." (Id., Document # 14 at p. 3). This Court concurs with this finding. Moreover, since Plaintiff's *Ex Post Facto* claim has already been fully considered and rejected in Plaintiff's prior habeas action, Plaintiff is precluded from raising it here. See Brown v. Wachovia Bank, 2007 WL 1378491 at * 6 (D.D.C. May 10, 2007)("[a] later civil action may be barred by the doctrine of collateral estoppel when a plaintiff seeks to raise an issue rejected in a previous criminal proceeding or habeas action"); Hawkins v. Risley, 984 F.2d 321, 323 (9th Cir. 1993)(a prior federal habeas decision can have preclusive effect in a § 1983 action). Accordingly, Plaintiff's Ex Post Facto claims should be dismissed.

### 2. Due Process Claims v. Defendant Stowitsky

Plaintiff alleges that Defendant Stowitsky has denied him pre-release and has refused to place him in a CCC so he could obtain a furlough, because Plaintiff has failed to complete prescriptive programming. (Id.). However, an inmate does not have any inherent constitutional right in the place of his confinement, Olim v. Wakinekona, 461 U.S. 238, 245 (1983), nor does he have a state-created liberty interest to be incarcerated in a particular institution. Jerry v. Williamson, 211 Fed. Appx. 110, 112 (3d Cir. 2006). Moreover, inmates have "no

constitutional right to parole or to furlough." Jackson v. Walters, 733 F.Supp. 33, 34 (W.D.Pa. 1989), aff'd, 899 F.2d 1217 (3d Cir. 1990)(citing Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 422 U.S. 1 (1979)); See also Henthorn v. Hadden, 32 F.3d 562 (Table)(4th Cir. 1994)("federal inmates have no protected liberty interest in furlough under applicable statutes and regulations"); Bowser v. Vose, 968 F.2d 105, 106 (1st Cir. 1992)(holding that "denial of a furlough implicates no inherent liberty interest"); Baumann v. Arizona Dep't of Corrections, 754 F.2d 841, 843-44 (9th Cir.1985)(holding that prisoner has no constitutionally protected liberty interest in receiving work or home furlough). Thus, Defendant Stowitsky's alleged decision to deny Plaintiff pre-release and/or placement in a CCC so he could obtain a furlough does not implicate any protected liberty interest under the Constitution.

Plaintiff also claims that Defendant Stowitsky demoted him to a level 2 custody level. (Id.). This claim, as well, fails to implicate a protected liberty interest. See, e.g., Hart v. Whalen, 2008 WL 4107651 at * 6 (M.D.Pa. July 29, 2008)("no Constitutional right to any particular custody status"); Wilson v. Horn, 971 F.Supp. 943, 947 (E.D.Pa. 1997)(inmate "has no federal constitutional right to a particular custody status....").

Based on the foregoing, therefore, Plaintiff's due process claims against Defendant Stowitsky should be dismissed for failure to state claims upon which relief may be granted.

### 3. Denial of Access to Courts Claim v. Defendant Barth

The only allegation against Defendant Barth states that he "failed to file or return the Plaintiff's writ of habeas corpus petition appealing the November 1, 2005, Order from the Pennsylvania Supreme Court challenging Ex Post Facto Clause violations involving furloughs from prisons in Pennsylvania." (Complaint at Section IV.C). The Court construes this allegation as a claim that Defendant Barth denied Plaintiff access to the courts.

While inmates have the right to adequate, effective, and meaningful access to the courts, Bounds v. Smith, 430 U.S. 817, 828 (1977), the United States Supreme Court restricted who

7

may bring an access to courts claim in Lewis v. Casey, 518 U.S. 343, 355 (1996).[5] The Lewis Court held that, in order to state a claim for a denial of the right of access to the courts, a plaintiff must show actual injury. Id. The plaintiff must show that, as a result of the defendant's actions, he lost the ability to present an "arguably actionable claim" against the validity of his sentence under direct or collateral appeal or a claim challenging his conditions of confinement in a civil rights action. Id. at 356. The Third Circuit has further described the *Lewis* holding:

> to be able to bring a viable claim, the plaintiff inmates ha[ve] to show direct injury to their access to the courts. The Court explained that an inmate could show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or [he could show] that he had suffered arguably actionable harm that he wanted to bring before the courts, but was so stymied by the inadequacies ... that he was unable even to file a complaint.

Reynolds v. Wagner, 128 F.3d 166, 183 (3d Cir. 1997).

So, under *Lewis*, this Court must determine whether Plaintiff has shown that he lost the ability to present an "arguably actionable claim." Here, Plaintiff cannot show that he was unable to pursue an "arguably actionable claim," because the action he was allegedly denied the ability to pursue was a habeas corpus action raising the identical Ex Post Facto challenge to the DOC's furlough policy that had been previously raised and rejected in his prior habeas proceeding at Civil Action No. 05-85 J. This deficiency cannot be corrected by Plaintiff's proposed amendment to his complaint to add 63 Jane/John Doe employees of the Clerk of Court's office. Thus, Plaintiff's denial of access to courts claim against Defendant Barth should be dismissed.

---

[5] The Lewis Court opined:
> ...*Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Id. at 355.

### 4. The Prison Litigation Reform Act

As noted previously, Defendant Ridge has not yet been served with the Complaint in this case. However, the Prison Litigation Reform Act provides that:

> (b) Grounds for dismissal– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.A. § 1915A. Under Section 1915A, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so. Nieves v. Dragovich, 1997 WL 698490, at *8 (E.D. Pa. 1997)("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c), the district courts are required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted.").

The PLRA also amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis. See 28 U.S.C. §1915(e)(2)[6]. Under this provision as well, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so by mandatory language. See, e.g., Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."). In performing a court's mandated function of *sua sponte* reviewing a complaint under 28 U.S.C. § 1915(e) and under § 1915A to determine if it fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va. 1977) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any

---

[6] Title 28 U.S.C. §1915(e)(2) provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--(B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

claims made by inmates that 'fail to state a claim upon which relief could be granted'").

Here, the only allegations against Defendant Ridge are that he "suspended the furloughs in Pennsylvania in 1994-95" and that, together with Defendant Commonwealth, he "allowed" the DOC to change its furlough policy in 1996 to require an inmate to furlough from a CCC Center and not allow an inmate to furlough from prison. (Complaint at Section IV.C). Thus, according to the Complaint, the latest date on which Defendant Ridge could be said to have violated Plaintiff's rights is the date of the alleged policy change in 1996. The federal civil rights laws do not contain a specific statute of limitations for § 1983 actions. However, it is well established that the federal courts must look to the relevant state statute of limitations for personal injury claims. Samerica Corp. Del., Inc. v. City of Philadelphia, 142 F.3d 582 (3d Cir. 1998)(internal citations omitted). Accordingly, based on Pennsylvania's applicable statute of limitations, a § 1983 claim must be filed no later than two years from the date of the alleged violation. See Urrutia v. Harrisburg County Police Dept., 91 F.3d 451 (3d Cir.(Pa.) 1996).

In this case, Plaintiff's complaint was received by the Clerk of Courts on November 6, 2007. As noted, all of Plaintiff's allegations against Defendant Ridge refer to events that occurred from 1994 to 1996, at least eleven years prior to the filing of this action. As a result, Plaintiff's claims against Defendant Ridge are barred by the applicable statute of limitations and should be dismissed.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that:

1. The motion to dismiss filed by Defendants Commonwealth of Pennsylvania, the Department of Corrections, and the PA Attorney General [Document # 18] be granted;

2. The motion to dismiss filed by Defendant Robert V. Barth [Document # 21] be granted; and

3. The motion to dismiss filed by Defendant Paul Stowitsky [Document # 33] be granted.

It is further recommended that, pursuant to the authority granted to courts in the Prison Litigation Reform Act, Plaintiff's claims against Defendant Thomas Ridge be dismissed in their

10

entirety, as they are barred by the applicable statute of limitations.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights.  See, e.g., Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: October 21, 2008

cc: The Honorable Sean J. McLaughlin
United States District Judge